■ OVERSEAS TRUST BANK, LTD., Respondent, v BARBARA POON, Appellant.—In an action brought pursuant to CPLR 3213 for summary judgment in lieu of complaint based upon a foreign country judgment, the defendant appeals from a judgment of the Supreme Court, Richmond County (Amann, J.),

dated August 6, 1990, which, upon an order of the same court dated December 7, 1989, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against the defendant in the principal sum of $67,518.32. The defendant's notice of appeal from the order is deemed a premature notice of appeal from the judgment.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a bank located in Hong Kong, brought this action to enforce a judgment rendered against the defendant in Hong Kong. The defendant was allegedly served in New York with the papers in the Hong Kong action on April 11, 1988. A hearing was held in the instant action to determine whether the defendant had been properly served with process in New York. At the hearing, the defendant, a United States citizen, offered her passport to prove that she had entered Hong Kong on April 8, 1988, and had departed on April 27, 1988. However, she offered no attestation or testimonial authentication by the Hong Kong authorities who had affixed the stamps on her passport. Absent such proof, the exclusion of the passport by the hearing court was not erroneous *(see, United States v Weiss,* 491 F2d 460, *cert denied* 419 US 833).

Nor did the trial court err in refusing to allow the defendant's husband to testify regarding her travels outside of the United States in the spring of 1988. It is clear from his testimony that he had no personal knowledge thereof *(see generally,* Richardson, Evidence § 3 [Prince 10th ed]).

Finally, the trial court's decision is supported by the testimony of Morton Lazarus, who testified that he personally served the defendant in the Hong Kong action on April 11, 1988, at her place of business. Since the defendant offered no competent evidence to the contrary, the trial court properly granted summary judgment to the plaintiff *(see generally,* CPLR 3212). Thompson, J. P., Sullivan, O'Brien and Ritter, JJ., concur.